**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 18-11043-TMD** |
| **SELENA D. CASH** | § | |
| | § | **CHAPTER 7** |
| Debtor | § | |
| **J. PATRICK LOWE, Chapter 7 Trustee,** | § | |
| **and SELENA D. CASH, deceased,** | § | |
| **by and through ARLETHA CASH,** | § | |
| **Independent Administrator,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY CASE** |
| | § | |
| **ANTHONY L. SHERIDAN,** | § | |
| **WILLIAM SHERIDAN,** | § | **NO. 19-1064-TMD** |
| **LINDA SHERIDAN,** | § | |
| **CEAIRA C. SHERIDAN,** | § | |
| **LM RIVERS, JR,** | § | |
| **LJA VENTURES, INC.,** | § | |
| **AUDIT GUARD, INC.,** | § | |
| **MONEYFUND, INC.,** | § | |
| **FDR MANAGEMENT GROUP, INC.,** | § | |
| **JOHNNIE R. TYLER, JR.,** | § | |
| **ROBERT TURNER,** | § | |
| **and CCS ASSET MANAGEMENT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' APPLICATION FOR:**
**(1) TEMPORARY RESTRAINING ORDER;**
**(2) PRELIMINARY PROHIBITORY INJUNCTION;**
**AND (3) PRELIMINARY MANDATORY INJUNCTION**

**COME NOW** Plaintiffs J. Patrick Lowe, Chapter 7 Trustee ("**Trustee Lowe**") and Selena

D. Cash, deceased, by and through Arletha Cash, Independent Administrator (the "**Debtor**" or

"**Ms. Cash**") (collectively, the "Plaintiffs"), and file this their Application for (1) Temporary

Restraining Order; (2) Preliminary Prohibitory Injunction; and (3) Preliminary Mandatory Injunction, and respectfully state as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 157(a), 28 U.S.C. § 334(b), and the standing Western District Order of Reference of Bankruptcy Cases and Proceedings dated October 4, 2013. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409. The request for injunctive relief is governed by Federal Rule of Civil Procedure 65 as made applicable in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7065.

## SUMMARY OF ACTION

2.      This lawsuit is brought to address the theft, conversion, fraud, breaches of fiduciary duty, breaches of contract, and financial elder-care abuse perpetrated by Anthony Sheridan, acting individually and in combination with co-Defendants LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR Management Group, Inc., Johnnie R. Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc, and others, as co-conspirators. The victim of these acts, Ms. Cash, now deceased, was, at the time of her death, a 90-year old, long-time resident of Austin, Travis County, Texas. The Debtor passed away recently on Thursday, August 22, 2019. The interests of Ms. Cash, to the extent not bankruptcy estate property, are now represented in this action by Arletha Cash, the Independent Administrator of Ms. Cash's last will and testament. Ms. Cash's bankruptcy estate acts through Trustee Lowe, the duly appointed chapter 7 trustee in the above styled and numbered bankruptcy case.

3.      This action is brought to remedy the conduct of the Defendants, to declare and restore Ms. Cash as the 100% owner of 4709, Inc. d/b/a Midtown Live, a Texas corporation ("**4709**"), to remove Defendants from any further management or control over 4709 or its assets, to recover damages resulting from the conduct of the Defendants, and to enjoin any further such conduct. As detailed herein, in addition to the declaratory relief and damages sought, in order to prevent immediate and irreparable harm to the bankruptcy estate and 4709, the Plaintiffs request entry of a temporary restraining order, as well as preliminary and permanent injunctive relief. **An immediate temporary restraining order is necessary to prevent the threatened sale or disposition of the Cameron Road Property by Anthony Sheridan and CCS Asset Management, Inc. and to prevent further unauthorized action by Defendants on behalf of Ms. Cash, 4709, and/or Midtown Live.**

4.      This Application is supported by the attached declarations of A. Jo Baylor and Kell Mercer, attached hereto as Exhibits "A" and "B," respectively. In addition, the Plaintiffs' Original Complaint for Declaratory Judgment, Damages, & Injunctive Relief and the exhibits thereto filed in this case are incorporated by reference.

## FACTUAL BACKGROUND

5.      Reference is made to the factual allegations contained in the Complaint in paragraphs 19 through 86, and they are hereby incorporated by reference. The statements contained in the Declaration of A. Jo Baylor in Exhibit "A" are hereby incorporated by reference. The statements contained in the Declaration of Kell Mercer in Exhibit "B" are hereby incorporated by reference.

## APPLCATION FOR TEMPORARY RESTRAINING ORDERS,
## AND PRELIMINARY INJUNCTIVE RELIEF

6.     By this Application, the Plaintiffs request that the Court enter a Temporary Restraining Order (a "TRO") enjoining Anthony L. Sheridan, LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR Management Group, Inc., Johnnie R. Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc., and each of their respective agents, attorneys, and representatives of every type, from taking any further action on behalf of and/or in the name of 4709, Midtown Live, and/or Selena D. Cash, or with respect to any proposed sale, disposition, encumbrance, or other transfer of the Cameron Road Property or its rents, profits, or proceeds, absent specific approval by the Bankruptcy Court.

7.     Additionally, to prevent further harm to Plaintiffs, the Plaintiffs request that A. Jo Baylor d/b/a CAPTA, Inc. be appointed as Agent for Property Tax Matters with respect to the Cameron Road Property to take any and all reasonably necessary steps with the Travis Central Appraisal District ("TCAD"), to protest and continue the protest of the appraised value of the Cameron Road Property which is currently the subject of this lawsuit and titled in CCS Asset Management, Inc., including appearing at the hearing currently scheduled for October 15, 2019, at 8:00 a.m., before the TCAD Appraisal Review Board ("ARB"), or any rescheduled hearing or proceeding regarding such matters.

8.     Simultaneously with the entry of a TRO, the Plaintiffs request that the Court schedule a hearing on Plaintiffs' request for the following prohibitory and mandatory injunctive relief (the "Preliminary Injunction"), and order Defendants to appear and show cause why the requested Preliminary Injunction should not be entered:

(a)     Until the time of trial, enjoining Anthony L. Sheridan, LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR

Management Group, Inc., Johnnie R. Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc., and each of their respective agents, attorneys, and representatives of every type, from taking any further action on behalf of and/or in the name of 4709, Midtown Live, and/or Selena D. Cash, or with respect to any proposed sale, disposition, encumbrance, or other transfer of the Cameron Road Property or its rents, profits, or proceeds, absent specific approval by the Bankruptcy Court;

(b)     Until the time of trial, appointing a neutral, third-party operator to manage and control the business and affairs of 4709 and Midtown Live, including, without limitation, if deemed appropriate by such neutral, third-party operator, to commence a voluntary proceeding under Title 11 of the United States Code on behalf of 4709;  and

(c)     Until the time of trial, appointing a neutral, third-party operator to manage and control the business and affairs of the Cameron Road Property.

9.     Pursuant to Rule 65 of the Federal Rules of Civil Procedure, made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, a court may grant injunctive relief, including a temporary restraining order, when the plaintiff demonstrates: (1) a substantial likelihood of Plaintiffs' success on the merits, (2) a substantial threat of irreparable injury to Plaintiffs if the injunction is not issued, (3) that the threatened injury to Plaintiffs if the injunction is denied outweighs any harm that will result to Defendants if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *See Janvey v. Alguire,* 647 F.3d 858, 595 (5th Cir. 2011); *Nichols v. Alcatel USA, Inc.,* 532 F.3d 364, 372 (5th Cir. 2008). As set forth in the attached Exhibits "A" and "B," Plaintiffs can meet that burden.

10.     "A plaintiff is not required to prove its entitlement to summary judgment in order to establish a 'substantial likelihood of success on the merits' for [injunctive relief.]" *Byrum v.*

*Landreth*, 566 F.3d 442, 446 (5th Cir. 2009). The requirement is that a plaintiff show that there is a strong probability that it will succeed on its claims. The facts outlined in Exhibits "A," and "B" and the Complaint demonstrate that there is such a strong probability. Defendants have conspired to and have engaged in a campaign of conversion, defalcation, breach of fiduciary duty, and fraud, all actionable under Texas law. These acts and conduct cause serious harm to the Bankruptcy Estate of Ms. Cash, to the probate estate of Ms. Cash, and to 4709, for which Plaintiffs sue derivatively, damaging the enterprise value of 4709 and Midtown Live and placing the Cameron Road Property at imminent risk of sale, foreclosure, or levy. Defendants have absolutely no legal right to engage in these acts and conduct. The conduct of Defendants A. Sheridan, W. Sheridan, and Rivers is abhorrent and reprehensible. Defendants A. Sheridan, W. Sheridan, and Rivers have no defense to the claims of conversion, breach of fiduciary duty, and defalcation. As such, Plaintiffs clearly have a strong likelihood of success on the merits.

11.     Meanwhile, the threat of continued action by Defendants is imminent. Plaintiffs learned over the weekend of September 27, 2019, that Defendant A. Sheridan is attempting to close on a transaction for the disposition of Midtown Live and/or the Cameron Road Property. While the details of this transaction are not yet fully known, there is ample evidence to indicate that if not enjoined, the Defendants will further transfer assets causing irreparable harm to Plaintiffs. The continuing acts and conduct detailed in Exhibits "A" and "B" and the Complaint make clear that Defendants will not cease this activity unless enjoined. The complained of acts and conduct of Defendants began in January of 2018 and have been persistent since. Defendants will continue these actions unless and until stopped by the Court. The acts and conduct of Defendants are entirely without right.

12.     As further detailed in the attached Exhibits "A" and "B": (1) the acts and conduct of Defendants threaten to create irreparable injury for which Plaintiffs lack an adequate remedy at law; (2) the threatened injury to the Plaintiffs if the injunction is not granted outweighs any harm that will result to Defendants if the requested injunctive relief is granted; and (3) the public interest would be served, not harmed, by the requested injunctive relief.

13.     In light of the foregoing concerns, Plaintiffs' likelihood of success on the merits, and the probability of harm, a temporary restraining order and injunction while this suit is pending is necessary to prevent further damaging acts and conduct by Defendants.

14.     Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, courts may relieve a trustee of the obligation of giving security before the issuance of a temporary restraining order or preliminary injunction found in Rule 65(c) of the Federal Rules of Civil Procedure. Under the circumstances of this case, the Trustee hereby requests the Court require no bond or other security to obtain the requested TRO and Preliminary Injunction.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Bankruptcy Court:

(1)     Enter a temporary restraining order enjoining Anthony L. Sheridan, LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR Management Group, Inc., Johnnie R. Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc., and each of their respective agents, attorneys, and representatives of every type, from taking any further action on behalf of and/or in the name of 4709, Midtown Live, and/or Selena D. Cash, or with respect to any proposed sale, disposition, encumbrance, or other transfer of the Cameron Road Property or its rents, profits, or proceeds, absent specific approval by the Bankruptcy Court; and

(2)     Enter a temporary restraining order authorizing A. Jo Baylor d/b/a CAPTA, Inc. to be appointed as Agent for Property Tax Matters with respect to the Cameron Road Property to take any and all reasonably necessary steps with the Travis Central Appraisal District ("TCAD"), to protest and continue the protest of the appraised value of the Cameron Road Property which is currently the subject of this lawsuit and titled in CCS Asset Management, Inc., including appearing at the hearing currently scheduled for October 15, 2019, at 8:00 a.m., before the TCAD Appraisal Review Board ("ARB"), or any rescheduled hearing or proceeding regarding such matters.

(3)     Schedule a final hearing on the request for prohibitory and mandatory injunctive relief described herein to occur within fourteen (14) days of entry of the temporary restraining order and issue a Show Cause Order directed to the Defendants to show cause why the requested preliminary injunction should not be entered; and

(4)     Upon such final hearing, enter an order granting the following preliminary injunctive relief:

a.     Until the time of trial, enjoining Anthony L. Sheridan, LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR Management Group, Inc., Johnnie R. Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc., and each of their respective agents, attorneys, and representatives of every type, from taking any further action on behalf of and/or in the name of 4709, Midtown Live, and/or Selena D. Cash, or with respect to any proposed sale, disposition, encumbrance, or other transfer of the Cameron Road Property or its rents, profits, or proceeds, absent specific approval by the Bankruptcy Court;

b.     Until the time of trial, appointing a neutral, third-party operator to manage and control the business and affairs of 4709 and Midtown Live, including, without limitation,

8

if deemed appropriate by such neutral, third-party operator, to commence a voluntary proceeding under Title 11 of the United States Code on behalf of 4709;  and

c.      Until the time of trial, appointing a neutral, third-party operator to manage and control the business and affairs of the Cameron Road Property.

(5)      Plaintiffs also request that the Court grant such other and further relief to which Plaintiffs may be justly entitled.

Dated:  October 2, 2019                    Respectfully submitted,

KELL C. MERCER, P.C.
1602 E. Cesar Chavez Street
Austin, Texas  78702
(512) 627-3512
(512) 597-0767 (fax)

By:  /s/ Kell C. Mercer
          Texas Bar No. 24007668
          kell.mercer@mercer-law-pc.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2019, service of this Application and all referenced exhibits will be attempted on all Defendants orally, by fax, email, or hand delivery at the following addresses:

Anthony L. Sheridan
7408 Cameron Road,  Suite E
Austin, Texas 78752

LM Rivers, Jr.
13276 N. Highway 183
Suite 208, Austin, Texas 78750

William Sheridan
13276 Research Blvd. Suite 208
Austin, Texas 78750

Linda Sheridan
111 Congress Avenue, 4th Floor

Austin, Texas 78701

Ceaira C. Sheridan
111 Congress Avenue, 4th Floor
Austin, Texas 78701

LJA Ventures, Inc.
via Audit Guard Inc.
13276 N. Highway 183, Suite 208
Austin, Texas 78750

Audit Guard Inc.
via McKee Law Group
13276 N. Highway 183, Suite 209
Austin, Texas 78750

Moneyfund, Inc.
via Audit Guard Inc.
13276 N. Highway 183, Suite 208
Austin, Texas 78750

FDR Management Group Inc.
via Audit Guard Inc.
13276 N. Highway 183, Suite 208
Austin, Texas 78750

CCS Asset Management, Inc.
via Audit Guard Inc.
13276 N. Highway 183, Suite 208
Austin, Texas 78750

Johnnie R. Tyler Jr.
111 Congress Avenue, Suite 400
Austin, Texas 78701

Robert Turner
13276 N. Highway 183, Suite 208
Austin, Texas 78750

*/s/ Kell C. Mercer*
Kell C. Mercer