

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 08, 2019.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-11043-TMD |
| SELENA D. CASH | § | |
| | § | CHAPTER 7 |
| Debtor | § | |
| J. PATRICK LOWE, Chapter 7 Trustee, | § | |
| and SELENA D. CASH, deceased, | § | |
| by and through ARLETHA CASH, | § | |
| Independent Administrator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY CASE |
| | § | NO. 19-1064-TMD |
| ANTHONY L. SHERIDAN, *et al.* | § | |
| Defendants. | § | |

### TEMPORARY RESTRAINING ORDER

On October 17, 2019, came on for consideration the Application of Plaintiffs for a Temporary Restraining Order (the "Application"). The Court, having considered the Plaintiffs' Original Complaint, for Declaratory Judgment, Damages, & Injunctive Relief (the "Complaint"), the portion of the Application that requests entry of a Temporary Restraining Order, the exhibits attached to the Complaint and the Application, the evidence presented at the hearing, and the arguments of counsel, in addition to any findings announced on the Record which are hereby

1

incorporated by reference, finds that:

1. The Plaintiffs have adequately demonstrated a substantial likelihood that they will succeed on the merits of the case;

2. The Plaintiffs have adequately demonstrated a substantial threat of irreparable injury if the requested injunctive relief is not granted;

3. The Plaintiffs have adequately demonstrated that the threatened injury to Plaintiffs outweighs any harm that will result to Defendants if the injunction is granted;

4. The Plaintiffs have adequately demonstrated that the injunction will not adversely affect public policy or the public interest; and

5. The Plaintiffs have adequately demonstrated that if the Defendants are not enjoined as requested, they will sell, transfer, or otherwise dispose of the assets that are the subject of the case or take other unauthorized action.

Therefore, the Plaintiffs' request for a temporary restraining order is meritorious and should be GRANTED as set forth herein. It is therefore:

ORDERED that a temporary restraining order is hereby issued, in favor of Plaintiffs, without a bond pursuant to Fed. R. Bankr. P. 7065, enjoining Defendants Anthony L. Sheridan, LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR Management Group, Inc., Johnnie R. Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc., and each of their respective agents, attorneys, and representatives of every type, from taking any further action on behalf of and/or in the name of 4709, Midtown Live, and/or Selena D. Cash, or with respect to any proposed sale, disposition, encumbrance, or other transfer of the Cameron Road Property or its rents, profits, or proceeds, absent specific approval by the Bankruptcy Court or the agreement of the Plaintiffs. It is further

ORDERED that Plaintiffs shall designate a disinterested Senior Property Tax Consultant (as defined by the Texas Department of Licensing and Regulation) to serve as the Agent for Property Tax Matters (as designated by Texas Comptroller Form 50-162) with respect to the Cameron Road Property (PID#361659) (the "Agent for Property Tax Matters") which Agent for Property Tax Matters is hereby authorized to take any and all reasonably necessary steps with the Travis Central Appraisal District ("TCAD") to continue the protest of the appraised value of the Cameron Road Property (PID#361659) which is currently the subject of this lawsuit and titled in CCS Asset Management, Inc., including appearing at the hearing currently scheduled for October 15, 2019, at 8:00 a.m., before the TCAD Appraisal Review Board ("ARB"), or any rescheduled hearing or proceedings regarding such matters. TCAD may rely upon this Order as authorization of the Property Tax Matters Agent. It is further

ORDERED that Defendants shall appear and show cause, on the **17th day of October 2019, at 8:30 a.m**., **CDT**, why a preliminary injunction as requested in the Application should not be granted containing the following additional prohibitory and/or mandatory terms:

    (a) Until the time of trial, enjoining Defendants Anthony L. Sheridan, LM Rivers, Jr., William Sheridan, Linda Sheridan, Ceaira C. Sheridan, LJA Ventures, Inc., Moneyfund, Inc., FDR Management Group, Inc., Johnnie R.

        Tyler Jr., Robert Turner, Audit Guard, Inc., and CCS Asset Management, Inc., and each of their respective agents, attorneys, and representatives of every type, from taking any further action on behalf of and/or in the name of 4709, Midtown Live, and/or Selena D. Cash, or with respect to any proposed sale, disposition, encumbrance, or other transfer of the Cameron Road Property or its rents, profits, or proceeds, absent specific approval by the Bankruptcy Court or the agreement of the Plaintiffs;

(b) Until the time of trial, appointing a neutral, third-party operator to manage and control the business and affairs of 4709 and Midtown Live, including, without limitation, if deemed appropriate by such neutral, third-party operator, to commence a voluntary proceeding under Title 11 of the United States Code on behalf of 4709; and

(c) Until the time of trial, appointing a neutral, third-party operator to manage and control the business and affairs of the Cameron Road Property.

It is further

      ORDERED that, unless extended by further order of this Court, this Temporary Restraining Order shall expire on October 17, 2019, at 5 p.m., CDT.

### #

ORDER SUBMITTED BY:

Kell C. Mercer  
Kell C. Mercer, PC  
1602 E. Cesar Chavez Street  
Austin, Texas 78701  
(512) 767-3214  
kell.mercer@mercer-law-pc.com